IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.    22-cr-00329-RMR

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LEWIS BURTON RIDGEWAY,

        Defendant.

_____

**UNOPPOSED MOTION FOR 90-DAY ENDS OF JUSTICE CONTINUANCE
AND EXTENSION OF PRETRIAL MOTIONS DEADLINE**
_____

      LEWIS BURTON RIDGEWAY, through the Office of the Federal Public Defender, and undersigned counsel Assistant Federal Public Defender Jennifer Beck, hereby moves this Honorable Court for an Order excluding ninety (90) days from the speedy trial time limitations and vacating current deadlines, including the motions deadline (Monday, November 28, 2022), the Trial Preparation Conference (December 22, 2022), and the trial date (January 9, 2023). Neither the government nor Mr. Ridgeway oppose the present Motion.

**I.   Statement of relevant facts.**

      1.   On October 24, 2022, the government filed a Criminal Complaint charging Mr. Ridgeway with one count of Possession of Ammunition By A Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1). Doc. No. 1. On October 26, 2022, Mr. Ridgeway was arrested. Doc. Nos. 3-4. Mr. Ridgeway was detained on October 28, 2022. Doc. No. 8-9. An Indictment was filed on November 2, 2022 and Mr. Ridgeway's arraignment and discovery conference were also held that day. Doc. Nos. 11, 14, 15. On November 2, 2022, trial was

scheduled for January 9, 2023. Doc. No. 17.  Pretrial motions are due next Monday, November 28, 2022. *Id.*

2.      Since undersigned counsel entered her appearance in this case, counsel has acted diligently.  Counsel received an initial batch of discovery on November 11, 2022, just ten days ago.  Counsel has reviewed that discovery, but counsel needs to review the discovery with Mr. Ridgeway and discuss it with him.  Counsel also expects additional discovery is forthcoming.  After reviewing discovery, counsel needs more time to 1) evaluate, analyze, and research any potential suppression issues, 2) investigate potential defenses, 3) interview non-law enforcement witnesses, 4) request potentially exculpatory records, and 5) consult with the government about a possible resolution of the case short of trial.  These tasks cannot be completed before the upcoming deadlines and trial date.

3.      As the Court is undoubtedly aware, Mr. Ridgeway faces a mandatory minimum sentence of fifteen years of imprisonment if he is subject to the sentencing enhancement in Title 18, United States Code, Section 924(e) applies.  Mr. Ridgeway does not have any experience with the federal criminal justice system, so counsel needs additional time to explain the process to Mr. Ridgeway.  Given the serious nature of this case, Mr. Ridgeway needs more time to weigh all of his options.  The current motion filing deadline and trial date do not afford him enough time to make these life-changing decisions.

4.      Undersigned counsel anticipates being able to accomplish all of the outstanding tasks within 90 days; therefore, Mr. Ridgeway requests a 90-day ends of justice continuance and a continuance of the motions filing deadline.

5.      Assistant United States Attorney Albert Buchman does not oppose this request.

6.      Mr. Ridgeway also has no objection to the request.

2

## II. The ends of justice served by a 90-day continuance outweigh the interests in a speedy trial.

1. Mr. Ridgeway moves for a 90-day continuance of the trial in this case, extension of the deadline to file motions, and exclusion of time pursuant to 18 U.S.C. § 3161(h)(7).

2. Under Subsection (h)(7) of the Speedy Trial Act, the Court is to exclude from computation "[a]ny period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether or not to make such a finding, the Court is to consider the following factors that are applicable in this case: (1) whether the failure to grant the continuance would "result in a miscarriage of justice," and (2) whether – considering the case as a whole – the failure to grant the continuance would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B).

3. Additionally, the Tenth Circuit looks to a number of factors when reviewing an order on a motion for continuance, which provide direction to a trial court as to how to develop a sufficient record when reviewing a motion to continue. These factors include:

> the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] the need asserted for the continuance and the harm that [the defendant] might suffer as a result of the district court's denial of the continuance.

*United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987); *see also United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009) ("[T]he record . . . must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need

for additional time."); *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007) ("[T]he trial court must make explicit findings regarding why granting the continuance will strike a proper balance between the ends of justice and the best interest of the public and the defendant in a speedy trial." (Internal quotation marks and citation omitted)).

4. As described above, defense counsel has acted diligently since appearing in this case. However, more time is needed to complete the above-mentioned tasks.

5. Undersigned counsel believes that the requested 90-day extension would serve the requested purpose and allow for the completion of the aforementioned tasks, as well as the necessary preparation for trial and/or negotiation with the government.

6. Undersigned counsel discussed the need for a continuance of the pretrial motions deadline and the trial with Assistant U.S. Attorney Albert Buchman; he does not oppose the request. Nor does there appear to be any risk in this case as to further spoliation of evidence or other similar harm to the interests of the public, resulting from the requested 90-day continuance.

7. As discussed above, the 90-day continuance request is calculated to allow defense counsel enough time to complete discovery review, adequately investigate the case, research pretrial motions issues, and properly and effectively advise Mr. Ridgeway about the pros and cons of filing any motions, the benefits of a potential plea bargain, and the risks of going to trial.

8. If the requested continuance is denied, however, Mr. Ridgeway will not be able to effectively litigate pretrial issues, present a defense at trial, or weigh the decision between a plea bargain and a trial. No amount of diligent work can ensure effective assistance of counsel prior to the motions deadline nor prior to the trial date as contemplated by the current speedy trial time frame.

WHEREFORE, LEWIS BURTON RIDGEWAY, by and through counsel, moves for a 90-day ends of justice continuance of trial and to extend the deadline for filing pretrial motions.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Jennifer Beck
JENNIFER BECK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Jennifer_Beck@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Albert C. Buchman, Assistant United States Attorney
Email: al.buchman@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Lewis Burton Ridgeway (Via U.S. Mail)

s/ Jennifer Beck
JENNIFER BECK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Jennifer_Beck@fd.org
Attorney for Defendant