**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Criminal Case No. 1:22-cr-00329-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEWIS BURTON RIDGEWAY,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR 90-DAY ENDS OF JUSTICE CONTINUANCE AND EXTENSION OF PRETRIAL MOTIONS DEADLINE**

---

    This matter is before the Court on Defendant Lewis Burton Ridgeway's Unopposed Motion for 90-Day Ends of Justice Continuance and Extension of Pretrial Motions Deadline. The Defendant asks this Court for an order excluding 90 days from the Speedy Trial limitations and vacating current deadlines, including the motions deadline, the Trial Preparation Conference, and trial date.

    The Defendant's motion implicates the Speedy Trial Act of 1974, which is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.

*See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8).

The Speedy Trial Act provides, in pertinent part:

The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

. . . .

(7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *United States v. Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

- (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
- (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].
- (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
- (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within

> clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Hill*, 197 F.3d at 441; 18 U.S.C. § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *United States v. Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *United States v. Dorian*, 882 F.2d at 1516).

The Defendant's motion describes the various factors that he believes necessitate the exclusion of 90 days in this case, and the Court adopts and incorporates those facts here. In support of his motion, Defendant states that on October 24, 2022, the government filed a Criminal Complaint charging him with one count of Possession of Ammunition by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1). On October 26, 2022, Defendant was arrested, and on October 28, 2022, he was ordered detained. An Indictment was filed on November 1, 2022. ECF No. 11.

Counsel for Defendant states that since she entered her appearance in this case, she has acted diligently.  Counsel for Defendant further states that she recently received an initial batch of discovery on November 11, 2022.  She has reviewed that discovery but needs time to review the discovery with Defendant and discuss it with him.  She expects additional discovery is forthcoming.  After reviewing discovery, counsel for Defendant will need more time to 1) evaluate, analyze, and research any potential suppression issues, 2) investigate potential defenses, 3) interview non-law enforcement witnesses, 4) request potentially exculpatory records, and 5) consult with the government about a possible resolution of the case short of trial.  Counsel for Defendant states that these tasks cannot be completed before the upcoming deadlines and trial date.

In addition, counsel for Defendant notes that Mr. Ridgeway faces a mandatory minimum sentence of fifteen years of imprisonment if he is subject to the sentencing enhancement in Title 18, United States Code, Section 924(e).  Mr. Ridgeway does not have any experience with the federal criminal justice system, so counsel needs additional time to explain the process to him.  Given the serious nature of this case, Mr. Ridgeway needs more time to weigh all of his options.  Given the aforementioned, counsel for Defendant notes that the current motion filing deadline and trial date do not afford Mr. Ridgeway enough time to make these life-changing decisions.  Neither the government nor Mr. Ridgeway oppose this request.

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 10 U.S.C. § 3161(c). The Court has

considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. 3161(h)(7)(b)(i);

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 1361(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**IT IS HEREBY ORDERED THAT**:

(1) Defendant's Motion, at ECF 18, is **GRANTED**;

(2) **The 70-day clock, exclusive of tolled time, shall accordingly be extended from January 11, 2023, to April 11, 2023**;

(3) The current trial date and all pretrial deadlines are hereby **VACATED.** The **four-day** jury trial is reset for **April 3, 2023**. The Trial Preparation Conference/Change of Plea Hearing is reset for **March 21, 2023 at 3:00 PM**;

(4) Defendant shall have to and including **February 21, 2023** to file pretrial motions, and responses to these motions shall be filed by **March 6, 3032**. **If no motions are filed by February 21, 2023, the Court will deem Defendant to have waived any such motions.** If counsel believe an evidentiary hearing on motions is necessary, they shall confer and email Chambers at Rodriguez_Chambers@cod.uscourts.gov by **March 8, 2023**.

DATED:  November 28, 2022.

                                        BY THE COURT:

                                        _____
                                        REGINA M. RODRIGUEZ
                                        United States District Judge