IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.    22-cr-00329-RMR

UNITED STATES OF AMERICA,

       Plaintiff,

v.

LEWIS BURTON RIDGEWAY,

       Defendant.

---

**UNOPPOSED MOTION FOR 30-DAY ENDS OF JUSTICE CONTINUANCE
AND EXTENSION OF RELATED AND RELEVANT DEADLINES**

---

    LEWIS BURTON RIDGEWAY, through the Office of the Federal Public Defender, and undersigned counsel Assistant Federal Public Defender Jennifer Beck, hereby moves this Honorable Court for an Order excluding thirty (30) days from the speedy trial time limitations and vacating current deadlines, including any and all trial-related and relevant filing deadlines, the Trial Preparation Conference (March 21, 2023), and the trial date (April 3, 2023).  Neither the government nor Mr. Ridgeway oppose the present Motion.

**I.**      **Statement of relevant facts.**

    1.      On October 24, 2022, the government filed a Criminal Complaint charging Mr. Ridgeway with one count of Possession of Ammunition By A Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1). Doc. No. 1.  On October 26, 2022, Mr. Ridgeway was arrested. Doc. Nos. 3-4.  Mr. Ridgeway was detained on October 28, 2022. Doc. No. 8-9.  An Indictment was filed on November 2, 2022 and Mr. Ridgeway's arraignment and discovery conference were also held that day. Doc. Nos. 11, 14, 15.  On November 2, 2022, trial was

scheduled for January 9, 2023. Doc. No. 17.  Then, on November 21, 2022, undersigned counsel requested a 90-day ends-of-justice continuance of the trial date. Doc. No. 18.  The Court granted the request and the trial was rescheduled to begin on April 3, 2023. Doc. No. 20.  On March 7, 2023, Mr. Ridgeway filed a Motion to Suppress. Doc. No. 25.  The government's Response, if any, is due on March 17, 2023. Doc. No. 24.  While the Motion to Suppress is litigated, the speedy trial clock will toll. *See* 18 U.S.C. 3161(h)(1)(D).  Nonetheless, the Trial Preparation Conference is scheduled for March 21, 2023. Doc. No. 21.  Deadlines for filing exhibit lists, witness lists, proposed voir dire questions, jury instructions, and verdict forms are all based on the April 3 trial date. *Id.*, *see also* Judge Regina Rodriguez Practice Standards Criminal Actions, Section IV(A)(2).

   2. Since undersigned counsel entered her appearance in this case, counsel has acted diligently.  Counsel has reviewed and discussed the discovery with Mr. Ridgeway.  Counsel has filed a Motion to Suppress.  Depending on the outcome of the Motion to Suppress, counsel will need additional time to engage in plea negotiations, investigate the case, and properly and effectively advise Mr. Ridgeway about the benefits of a potential plea bargain and the risks of going to trial after the motions hearing.  These tasks cannot be completed before the upcoming deadlines and trial date.

   3. As the Court is undoubtedly aware, Mr. Ridgeway faces a lengthy sentence if convicted of the charge in the Indictment.  Given the serious nature of this case, Mr. Ridgeway needs more time to explore his options.  The current trial date and related deadlines do not afford him enough time to make these life-changing decisions.

   4. Undersigned counsel anticipates being able to accomplish all of the outstanding tasks within 30 days; therefore, Mr. Ridgeway requests a 30-day ends of justice continuance and a continuance of the relevant and related filing deadlines.

5. Assistant United States Attorney Albert Buchman does not oppose this request.

6. Mr. Ridgeway also has no objection to the request.

**II. The ends of justice served by a 30-day continuance outweigh the interests in a speedy trial.**

1. Mr. Ridgeway moves for a 30-day continuance of the trial in this case, extension of the deadline to file trial-related items, and exclusion of time pursuant to 18 U.S.C. § 3161(h)(7).

2. Under Subsection (h)(7) of the Speedy Trial Act, the Court is to exclude from computation "[a]ny period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether or not to make such a finding, the Court is to consider the following factors that are applicable in this case: (1) whether the failure to grant the continuance would "result in a miscarriage of justice," and (2) whether – considering the case as a whole – the failure to grant the continuance would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B).

3. Additionally, the Tenth Circuit looks to a number of factors when reviewing an order on a motion for continuance, which provide direction to a trial court as to how to develop a sufficient record when reviewing a motion to continue. These factors include:

> the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] the need asserted for the continuance and the harm that [the defendant] might suffer as a result of the district court's denial of the continuance.

3

*United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987); *see also United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009) ("[T]he record . . . must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time."); *United States v. Williams*, 511 F.3d 1044 (10thCir. 2007) ("[T]he trial court must make explicit findings regarding why granting the continuance will strike a proper balance between the ends of justice and the best interest of the public and the defendant in a speedy trial." (Internal quotation marks and citation omitted)).

4. As described above, defense counsel has acted diligently since appearing in this case. However, more time is needed to complete the above-mentioned tasks.

5. Undersigned counsel believes that the requested 30-day extension would serve the requested purpose and allow for the completion of the aforementioned tasks, as well as the necessary preparation for trial and/or negotiation with the government.

6. Undersigned counsel discussed the need for a continuance of the trial date and related deadlines with Assistant U.S. Attorney Albert Buchman; he does not oppose the request. Nor does there appear to be any risk in this case as to further spoliation of evidence or other similar harm to the interests of the public, resulting from the requested 30-day continuance.

7. As discussed above, the 30-day continuance request is calculated to allow defense counsel enough time to adequately prepare for and litigate the pending motion to suppress, and, if necessary, engage in plea negotiations, investigate the case, and properly and effectively advise Mr. Ridgeway about the benefits of a potential plea bargain and the risks of going to trial after the motions hearing.

8. If the requested continuance is denied, however, Mr. Ridgeway will not be able to effectively present a defense at trial or weigh the decision between a plea bargain and a trial. No

amount of diligent work can ensure effective assistance of counsel prior to the currently-scheduled dates as contemplated by the current speedy trial time frame.

      WHEREFORE, LEWIS BURTON RIDGEWAY, by and through counsel, moves for a 30-day ends of justice continuance of the trial and for an extension of all other relevant and related filing deadlines.

      Respectfully submitted,

      VIRGINIA L. GRADY
      Federal Public Defender

      s/ Jennifer Beck
      JENNIFER BECK
      Assistant Federal Public Defender
      633 17th Street, Suite 1000
      Denver, CO  80202
      Telephone: (303) 294-7002
      FAX: (303) 294-1192
      Jennifer_Beck@fd.org
      Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2023, I electronically filed the foregoing *Unopposed Motion for 30-Day Ends of Justice Continuance and Extension of Related and Relevant Deadlines* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

    Albert C. Buchman, Assistant United States Attorney
    Email: al.buchman@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Lewis Burton Ridgeway (Via U.S. Mail)

    s/ Jennifer Beck
    JENNIFER BECK
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone: (303) 294-7002
    FAX: (303) 294-1192
    Jennifer_Beck@fd.org
    Attorney for Defendant