**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Criminal Case No. 1:22-cr-00329-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEWIS BURTON RIDGEWAY,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR 30-DAY ENDS OF JUSTICE CONTINUANCE AND EXTENSION OF RELATED AND RELEVANT DEADLINES**

---

    This matter is before the Court on Defendant Lewis Burton Ridgeway's Unopposed Motion for 30-Day Ends of Justice Continuance and Extension of Related and Relevant Deadlines. The Defendant asks this Court for an order excluding an additional[1] 30 days from the speedy trial time limitations and vacating current deadlines, including any and all trial-related and relevant filing deadlines, the Trial Preparation Conference (March 21, 2023), and trial date (April 3, 2023).

    The Defendant's motion implicates the Speedy Trial Act of 1974, which is "designed to protect a defendant's constitutional right to a speedy indictment and trial,

---

[1] On November 28, 2022, this Court granted Defendant's Unopposed Motion for 90-Day Ends of Justice Continuance and Extension of Pretrial Motions Deadline (ECF No. 18), extending the 70-day clock to April 11, 2023. ECF No. 21.

and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See id.* § 3161(h)(1)-(8).

> The Speedy Trial Act provides, in pertinent part:
>
> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*Id.* § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the

     indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

 (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; 18 U.S.C. § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Dorian*, 882 F.2d at 1516).

The Defendant's motion describes the various factors that he believes necessitate the exclusion of 30 days in this case, and the Court adopts and incorporates those facts here. In support of his motion, Defendant states that on October 24, 2022, the government filed a Criminal Complaint charging him with one count of Possession of Ammunition by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1). ECF

3

No. 1. On October 26, 2022, Defendant was arrested, and on October 28, 2022, he was ordered detained. ECF Nos. 3 and 8. An Indictment was filed on November 1, 2022.[2] ECF No. 11. Defendant was arraigned and a discovery conference was held November 2, 2022. ECF Nos. 14 and 15.

Counsel for Defendant notes that trial in this matter is scheduled to commence April 3, 2023. ECF No. 20. She further notes that on March 7, 2023, Mr. Ridgeway filed a Motion to Suppress (ECF No. 25) and that the government's response, if any, is due March 17, 2023. ECF No. 24.

Counsel for Defendant states that since she entered her appearance in this case, she has acted diligently. In addition, counsel for Defendant indicates that she has reviewed and discussed the discovery with Mr. Ridgeway. Further, depending on the outcome of the above-mentioned Motion to Suppress, counsel for defendant states that she will need additional time to engage in plea negotiations, investigate the case, and properly and effectively advise Mr. Ridgeway about the benefits of a potential plea bargain and the risks of going to trial after the motions hearing. These tasks, as stated by counsel for Defendant, cannot be completed before the upcoming deadlines and trial date.

Further, counsel for Defendant adds that Mr. Ridgeway faces a lengthy sentence if convicted of the charge in the Indictment. Given the serious nature of this case, counsel for Defendant states that Mr. Ridgeway needs more time to explore his options. The current trial date and related deadlines do not afford him enough time to make these life-

---

[2] Defendant incorrectly notes a date of November 2, 2023, for the filing of the Indictment.

4

changing decisions. Counsel for Defendant anticipates being able to accomplish all of the outstanding tasks within the 30 days requested.

Counsel for Defendant asserts that neither the government nor Mr. Ridgeway oppose the requested relief.

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. 3161(h)(7)(B)(i);
(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv); and
(3) Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**IT IS HEREBY ORDERED THAT**:

(1) Defendant's Motion, at ECF 27, is **GRANTED**;
(2) **The 70-day clock, exclusive of tolled time, shall accordingly be extended from April 11, 2023 to May 11, 2023**; and
(3) The current trial date and all pretrial deadlines are hereby **VACATED.** The **four-day** jury trial is reset for **May 8, 2023**. The Trial Preparation Conference/Change of Plea Hearing is reset for **April 25, 2023, at 4:00 PM**.

DATED:  March 10, 2023.

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge