IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Regina M. Rodriguez**


Criminal Action No. 22-cr-00329-RMR

UNITED STATES OF AMERICA,

  Plaintiff,

v.

LEWIS BURTON RIDGEWAY,

  Defendant.

---

**ORDER**

---

Pending before the Court is Defendant Lewis Burton Ridgeway's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A), ECF No. 85. The Government filed a response, ECF No. 87. For the reasons stated below, the motion is DENIED.

## I.  BACKGROUND

On August 16, 2023, Defendant pleaded guilty to one count of possession of a machine gun, in violation of 18 U.S.C. § 922(o). Pursuant to a Rule 11(c)(1)(C) Plea Agreement, the parties agreed to a sentence of 96 months' imprisonment and 3 years supervised release, concurrent to Jefferson County Combined Court, Case Numbers 10CR1118, 10CR561, 10CR1005, 10CR2603, and 10CR2031; Denver County District Court, Case Numbers 10CR562, 10CR690, 10CR649, and 10CR1106; and Boulder County Combined Court, Case Number 10CR812. ECF No. 63. On November 29, 2023,

Defendant was sentenced to 93 months' imprisonment, concurrent to his state sentences, followed by 3 years of supervised release. ECF No. 80-82.

On November 8, 2024, Defendant filed the present motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), arguing that extraordinary and compelling reasons require a sentence reduction. ECF No. 85 at 1-2. He asserts that in the recent past he has been sexually assaulted by correctional officers, leaving him with extreme PTSD. *Id.* He also asserts he is not being given adequate care concerning the mental anguish he is experiencing and has used his time in incarceration to rehabilitate himself. *Id.*

## II.    APPLICABLE LAW

Under 18 U.S.C. § 3582(c)(1)(A)(i), known as the "compassionate release" provision, a district court may grant a motion by the defendant or the director of the Bureau of Prisons ("BOP") for a reduction of sentence if three requirements are met. *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). The requirements are that "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable." *Id.* A court need not address all of the steps if one of them demonstrates that a defendant is not entitled to compassionate release. *Id.* at 1043.

The Sentencing Commission has identified several categories of extraordinary and compelling reasons that may warrant a sentence reduction. *See* U.S.S.G. § 1B1.13(b). These reasons include: certain medical circumstances; age of the defendant; family

circumstances; sexual or physical abuse by a correctional officer, BOP employee or contractor, or any other individual who had custody or control over the defendant; an unusually long sentence; or other reasons similar in gravity to the enumerated reasons. *Id.* It is within the Court's discretion to determine whether extraordinary and compelling reasons justify compassionate release. *See McGee*, 992 F.3d at 1050.

Additionally, a district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory "claim-processing rule," not a jurisdictional rule. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021) (holding that the government waived exhaustion argument by failing to raise it on appeal). "[T]he exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it." *United States v. Gieswein*, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) (unpublished); *see also United States v. Johnson*, 849 F. App'x 750, 753 (10th Cir. 2021) (unpublished) ("In this circuit, however, § 3582(c)(1)(A)'s exhaustion requirement is mandatory, rather than judicially waivable."). Here, Defendant alleges he has satisfied the exhaustion requirement and the Government does not dispute it. Accordingly, the Court will address the merits of the motion.

### III.    ANALYSIS

#### A.    Extraordinary and Compelling Reasons

When evaluating a motion filed under § 3582(c)(1)(A)(i), the Court must first determine whether "extraordinary and compelling reasons warrant a sentence reduction." *United States v. McGee*, 992 F.3d 1035, 1045 (10th Cir. 2021) (quoting § 3592(c)(1)(A)(i)). In exercising this authority, however, a court must also find that the reduction "is consistent with applicable policy statements issued by the Sentencing Commission . . . ." *Id.*

Here, Defendant argues extraordinary and compelling reasons exist because he has been sexually assaulted by corrections officers, which has left him with extreme PTSD. He also asserts he is not being given adequate care for his mental health issues. Mr. Ridgeway cites to USSG § 1B1.13(b)(4), which provides that extraordinary and compelling reasons exist if:

> The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of: sexual abuse involving a 'sexual act,' as defined in 18 U.S.C. § 2246(2) . . . that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

The Guidelines explain that "[f]or purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." *Id.*

Mr. Ridgeway alleges he has been sexually assaulted by three different correctional officers while in the custody of the Colorado Department of Corrections,

4

which are documented. ECF No. 85 at 5. He further alleges these assaults have left him with PTSD. *Id.* He alleges the assault by Correctional Officer Christa Lunog resulted in her pregnancy, and that he now has a child with her. *Id.* Mr. Ridgeway claims he is not allowed visitation rights with Ms. Lunog to visit his minor child, which compounds his mental health issues. *Id.*

While these are serious allegations, Mr. Ridgeway does not provide any corroboration or documentation of the sexual assaults or how, if true, they impact his mental health. He claims that the correctional officers were charged with and/or admitted their sexual misconduct, but provides no documentation of any criminal case, civil case, or administrative proceeding to support these claims. Nor does he allege that the proceedings are unduly delayed or that he is in imminent danger. And the Government represents that it could not identify any criminal cases against the correctional officers. *See* ECF No. 87 at 3 n.2. Further, Mr. Ridgeway claims he was assaulted by Ms. Lunog and her actions are causing him mental anguish but then represents that he would be living with her and his son if released. ECF No. 85 at 13. This undermines his claim that the alleged assault left him with severe PTSD. His assertions of mental health struggles are also bare allegations without any documentation or evidentiary support, and the Court does not find that he has established extraordinary and compelling reasons that warrant a sentence reduction.

### B.    Rehabilitation

Mr. Ridgeway also argues that his rehabilitative efforts in prison warrant a sentence reduction. Rehabilitation alone is not an extraordinary and compelling reason

warranting a reduction. 28 U.S.C. § 994(t); *see also* USSG §1B1.13(d). "However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." USSG §1B1.13(d). Here, Mr. Ridgeway lists the programs he has participated in and states that he has "used his time very productively while incarcerated." ECF No. 85 at 8. But he does not identify programming he has completed while in BOP custody, and his bare claims of rehabilitation and that he has "aged out of crime" are insufficient. And even if Mr. Ridgeway were able to demonstrate successful rehabilitation, that alone would not be enough to warrant a reduction in the absence of other extraordinary and compelling reasons. *See United States v. Mata-Soto*, 861 F. App'x 251, 255 (10th Cir. 2021) (affirming denial of motion for compassionate release and reasoning that even where defendant cited successful rehabilitation efforts, "the district court correctly determined that rehabilitation alone could not constitute an extraordinary and compelling reason warranting release.").

## C.    Section 3553(a) Factors

Because the Court finds that Mr. Ridgeway has not presented extraordinary and compelling circumstances, it need not consider the applicable 3553(a) factors. *See McGee,* 992 F.3d at 1043 (districts courts may deny compassionate release motion when any of the "prerequisites listed in 3582(c)(1)(A) is lacking and do not need to address the others."). However, even if the Court reached this step, it would not find that compassionate release is warranted.

As an initial matter, Mr. Ridgeway pleaded guilty pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C), wherein he agreed that an eight-year sentence was appropriate. *See* ECF No. 63; *United States v. Sanders*, 2020 WL 6460224, 9 (M.D. Tenn. Nov. 3, 2020 (denying motion for compassionate release based on § 3553(a) factors in part because the defendant agreed through Rule 11(c)(1)(C) plea agreement that his sentence was appropriate).

But even without that agreement, the Court would not find a sentence reduction appropriate in light of the 3553(a) factors. The Court considered these factors at his original sentencing, and does not find that there have been any significant changes that would warrant a reduction. *See United States v. Krowner*, No. 20-2175, 2021 WL 5968659, at *2 (10th Cir. Dec. 16, 2021) (unpublished) (noting that judge who denied compassionate release motion was the same as the judge who imposed the original sentence and reasoning that "[s]ince there is no challenge to the original sentence, it is enough if the district court explained why the new circumstances raised by the defendant did not warrant a sentence reduction."); *United States v. Wilson*, No. 20-1324, 2021 WL 4859690, at *4 (10th Cir. Oct. 19, 2021) (unpublished) (noting that the judge who ordered the defendant's original sentence also denied his compassionate-release motion and inferring "that the district court's view of the § 3553 factors had not changed by the time of [the defendant's] motion for compassionate release" (internal quotation marks omitted)). Mr. Ridgeway has a long history of recidivism, 16 felony convictions, and has been undeterred by numerous substantial prison sentences. Indeed, he was serving a term of state parole when he committed the instant offense. And the instant offense was

7

a serious crime involving possession of a ghost gun with an auto-sear while under the influence of drugs or alcohol. There is no reason to believe Mr. Ridgeway would not reoffend if released back into the community, as he has a lengthy history of possessing firearms during the commission of crimes. This history shows that there is a serious risk to the safety of the community if he is released. Thus, the Court finds that a reduction in his sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford deterrence.

## IV.    CONCLUSION

For the reasons stated above, Defendant Lewis Burton Ridgeway's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A), ECF No. 85, is **DENIED**. To the extent Mr. Ridgeway requests counsel for assistance with his request for compassionate release, that request is DENIED, because "there is no constitutional right to counsel to aid in a defendant's request for compassionate release." *United States v. Hemmelga*rn, 15 F.4th 1027, 1032 (10th Cir. 2021).

DATED:  April 24, 2025

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge